# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**CASE NO.: 8:17-CV-02848-SCB-TGW**

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY, and
GEICO CASUALTY CO.,

    Plaintiffs,

v.

PATH MEDICAL, LLC, PATH MEDICAL
CENTER HOLDINGS, INC., 1-800-411-PAIN
REFERRAL SERVICE, LLC, 1-800-411-I.P.
HOLDINGS, LLC, 411 PAIN ADVERTISING
GROUP, INC., ROBERT CASH LEWIN, D.C.,
HARLEY LEWIS, RUSSELL PERMAUL,
JOEL EARL MANION, D.C., LANDAU &
ASSOCIATES, P.A., THE LAW OFFICES OF
KANNER & PINTALUNGA, P.A., TODD
LANDAU, HOWARD KANNER, ERIC
PINTALUGA, MICHAEL H. WILENSKY,
M.D., DAVID A CHEESMAN, D.O., TIE
QIAN, M.D. and RALPH G. MARINO, M.D.,

    Defendants.

_____/

## DEFENDANTS TODD LANDAU AND LANDAU & ASSOCIATES, P.A.'S
## MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS

Defendants, Todd Landau and Landau & Associates, P.A. (collectively, the "Landau Defendants"), by and through their respective undersigned counsel, submit this Motion to Stay Discovery Pending the Court's Ruling on the Motion to Dismiss Complaint, filed contemporaneously with this Motion. In support thereof, the Landau Defendants state as follows:

## INTRODUCTION

This case involves a 200-page complaint, accompanied by an 8,300-page exhibit, in which the plaintiffs claim the Landau Defendants, in connection with the other named defendants, violated federal law by committing insurance fraud relating to Personal Injury Protection (PIP) benefits. The complaint implicates every bill for medical services presented by the Path Medical defendants to the plaintiffs for the last 3 years. In effect, the complaint purports to allege that every single medical service provided by the Path Medical defendants to patients who were the plaintiffs' insureds was in some way fraudulent. As referenced in the complaint, the lawsuit was the product of a significant fact investigation the plaintiffs conducted before filing. [D.E. 1 at ¶ 372].

But despite the length and breadth of the complaint, and the apparent labor that produced the lawsuit, the plaintiffs have wholly failed to state claims against the Landau Defendants for any of the causes of action cited in the complaint. As a result, the Landau Defendants have filed a motion to dismiss the complaint, and contend that not only have the plaintiffs failed to meet their pleading burden, the fact the extensive investigation could only produce the meager allegations contained in the complaint establishes the plaintiffs cannot meet their pleading burden as it pertains to the Landau Defendants. At a minimum, the plaintiffs' complaint as against the Landau Defendants does not merit full discovery against him; the Court should stay discovery until the plaintiffs can satisfy their pleading requirements under the law.

In addition, while the Landau Defendants' motions to dismiss will not, by themselves, dispose of the entire litigation, this Court has previously extended a stay of discovery where deciding motions to dismiss will potentially narrow the scope of discovery. In particular, given

the shotgun complaint that attempts to describe what would be a complex litigation, staying discovery would reduce the complexity of the case by eliminating significant legal and factual issues contained in the action. Therefore, the Court should grant the motion to stay discovery.

## ARGUMENT

### A.      Standard of Review

It is well-settled that "there is no general right to discovery upon filing of the complaint." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003). Where, as here, the Landau Defendants have filed motions to dismiss the complaint, the Eleventh Circuit has held that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should…be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). This is because "[t]he very purpose of Fed.R.Civ.P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Yuhasz*, 341 F.3d at 566 (*citing Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)); *see also Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981) ("Discovery should follow the filing of a well-pleaded complaint. It is not a device to enable a plaintiff to make a case when his complaint has failed to state a claim.").

The court in *Chudasama* emphasized the importance of staying discovery in order to give the district court time to eliminate at the pleading stage of the case "any legally unsupported claim that would unduly enlarge the scope of discovery…." 123 F.3d at 1368. As a result:

> [W]hen faced with a motion to dismiss a claim for relief that significantly enlarges the scope of discovery, the district court should rule on the motion before entering discovery orders, if possible. The court's duty in this regard becomes all the more imperative when the contested claim is especially dubious.

*Id.*

Because RICO cases like the matter at bar resemble antitrust cases in their complexity, availability of punitive damages, and recovery of attorney fees, courts should resist putting defendants to the expense of "big-case discovery on the basis of a threadbare claim." *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). Thus, in cases where discovery "is likely to be more than usually costly, the complaint must include as much factual detail and argument as may be required to show that the plaintiff has a plausible claim." *Id.* at 803-04. *See also Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009) ("[A] defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a substantial one.").

To prevail on a motion to stay discovery, the Landau Defendants bear the burden of showing good cause and reasonableness. *McCabe v. Foley*, 233 F.R.D. 683, 685 (M.D. Fla. 2006). The Court will balance the harm produced by a delay in discovery against the possibility the motion to dismiss will be granted and entirely eliminate the need for such discovery. *McCabe*, 233 F.R.D. at 685. The Court's review on the standard involves weighing the likely costs and burdens of proceeding with discovery. *Id.* As part of its review, the Court must take a "preliminary peek" at the merits of the motion to dismiss. *Id.*

      **B.**      **Because the Plaintiffs Do Not State a Claim Against the Landau Defendants, the Motion to Dismiss Is Case Dispositive, Warranting a Stay of Discovery.**

In evaluating the causes of action asserted against the Landau Defendants, courts have provided guidelines for the Court to consider. First, under Rule 9(b), the plaintiffs must plead their claims of fraud with particularity. Courts have found the Rule 9(b) requirements serve three main purposes, each pertinent to the instant action: (1) protecting a defendant's reputation from harm, (2) minimizing "strike suits" and "fishing expeditions" and (3) providing notice of the claim to the

adverse party. *See Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327 (7th Cir. 1994). To satisfy the Rule, the plaintiffs "must plead facts as to time, place and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. v. McInteer*, 470 F.3d 1255, 1262 (11th Cir. 2006).

Second, the court should "eliminate any allegations in the complaint that are merely legal conclusions." *ADA v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). Third, the Court should disregard "shotgun pleadings" that allege broad and/or imprecise allegations against multiple defendants.[1] *See Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979 n.54 (11th Cir. 2008) ("[S]ince 1985 we have explicitly condemned shotgun pleadings upward of fifty times."). Fourth, the Court should ignore vague, speculative allegations based only on "information and belief." *United States v. Clausen*, 290 F.3d 1301, 1310 (11th Cir. 2002) ("[P]leadings [related to Rule 9(b)] generally cannot be based on information and belief."). Fifth, the plaintiffs may not lump the Landau Defendants together with other defendants to make conclusory allegations un-attributable to any one of them. *See Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1317 (11th Cir. 2007). Lastly, given there are four plaintiffs in this matter, they must connect specific acts by the Landau Defendants to specific harm suffered by the specific plaintiffs in this action. *See Lawrie v. Ginn Development Co.*, No. 3:09-cv-446-J-32JBT, 2014 WL 4788067, at *9 (M.D. Fla. Sept. 19, 2014). Ultimately, as the Supreme Court noted, "the doors of discovery" do not open "for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

---

[1] *See* D.E. 58, citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015), which states the ways in which a complaint may constitute a "shotgun pleading."

In this case, to the extent the plaintiffs make any attempt at all to state facts against the Landau Defendants, they do so primarily in the context of naming the Landau Defendants as two of a series of others who engaged in conduct that tracks the language of the statute relevant to the claim being asserted. There are no specific facts stating when, where, or how the Landau Defendants agreed to engage in a pattern of racketeering activity. There are no specific facts raising the inference that the Landau Defendants knew others were conspiring to participate in the illegal enterprise. There are no facts stating the specific role the Landau Defendants allegedly played in the enterprise referenced in the complaint.

In fact, the allegations against Todd Landau individually amount to the following: 1) he is a part-owner of Landau & Associates, P.A., the law firm that represented Path Medical in PIP lawsuits against the plaintiffs seeking payment for services rendered; and 2) he made certain statements to a third-party involving the creation of a law firm in Michigan to handle PIP lawsuits – as alleged, none of the statements Landau is alleged to have made relates to any of the patients who are the subject of the lawsuit. As to Landau &Associates, the allegations specifically raised against the firm are limited to: 1) the firm performs a substantial portion (but not all) of Path Medical's collection work[2]; and 2) the firm's office manager helped arrange a meeting with a lawyer in Michigan in connection a new personal injury firm with no connection to L&A's collection practice.[3]

Recently, the Eleventh Circuit, citing to *Chudasama*, upheld the district court's motion to stay discovery, noting the district court was reluctant to allow discovery on a 73-page complaint falling short of pleading requirements, including the plaintiffs' failure, as in the case at bar, to

---

[2] D.E. 1 at ¶¶ 161(ii), 165, 166, 491.
[3] D.E. 1 at ¶ at 204(i).

include a short and plain statement showing the plaintiffs are entitled to relief as against Landau. *See Lawrence v. Governor of Ga.*, No. 17-11564, 2018 WL 259213, at *2 (11th Cir. Jan. 2, 2018).

In addition, the acts the plaintiffs generally allege against the Landau Defendants are based primarily in the context of Landau & Associates pursuing lawsuits against GEICO on behalf of the Path defendants. In other words, the complaint seeks to hold the Landau Defendants liable to GEICO for the legal services performed for one of the firm's clients. A lawyer providing legal services to his client, without more, does not constitute a violation of RICO. *See RSM Production Corp. v. Freshfields Bruckhaus Derringer U.S. LLP*, 682 F.3d 1043 (D.C. Cir. 2012); *Domanus v. Locke Lord LLP*, 847 F.3d 469, 482 (7th Cir. 2017). As to the state law claims asserted in the action, the acts the Landau Defendants performed as attorneys enjoy absolute immunity from prosecution based on Florida's litigation privilege. *See, e.g., Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994). Further, the legal services rendered do not constitute "trade or commerce" actionable under FDUTPA. *See Kapilia v. Militzok*, No. 15-60764-CIV-LENARD/GOODMAN, 2015 U.S. Dist. LEXIS 156043, at *19-20 (S.D. Fla. Nov. 18, 2015). And the plaintiffs' complaint as pled shows they did not directly confer a benefit on the Landau Defendants, thereby undercutting their claim of unjust enrichment. *See Kopel v. Kopel*, 229 So. 3d 812, 816 (Fla. 2017).

In sum, the plaintiffs' stated theories of liability against the Landau Defendants are "especially dubious," and represent the type of fishing expedition the Federal Rules were meant to curtail, especially as it relates to RICO claims. *See Jepson, Inc.*, 34 F.3d at 1327. Stated differently, in taking a "preliminary peek" at the motion to dismiss, the Landau Defendants have raised meritorious challenges to the complaint such that they have met their burden to stay discovery. *See Jackson-Bear Group v. Amirjazil*, No. 2:10-cv-332-FtM-29SPC, 2011 WL 720462,

at *1 (M.D. Fla. Feb. 22, 2011); *Tillman v. Ally Financial, Inc.*, No. 2:16-cv-313-FtM-99CM, 2016 WL 9488774 at *3 (M.D. Fla. Oct. 18, 2016); *Verrier v. Perrino*, No. 2:14-cv-744-FtM-29CM, 2016 WL 3655295 at *1 (Jul. 8, 2016). Indeed, the plaintiffs' pleading as against the Landau Defendants is so deficient that there is "an immediate and clear possibility" that the Landau Defendants' motions to dismiss will be granted. *See generally Feldman v. Flood*, 176 F.R.D. 651, 653 (M.D. Fla. 1997).

The motions to dismiss as submitted should dispose of the case as it pertains to the Landau Defendants, and if the Court eliminates them as defendants, then all discovery pertaining to the litigation Landau & Associates handled on behalf of the medical defendants would become irrelevant. Therefore, granting a motion to stay discovery pending resolution of the motion to dismiss is appropriate in this case. *Accord Moore v. Shands Jacksonville Med. Ctr., Inc.*, No. 3:09-cv-298-J-34TEM, 2009 WL 4899400, at *1-2 (M.D. Fla. Dec. 11, 2009). Thus, the Court should grant the motion to stay discovery.

**C.    Staying Discovery Will Simplify the Issues Present in a Complex Case.**

This Court has not limited the granting of motions to stay discovery to situations involving a clearly dispositive motion to dismiss. Rather, this Court has stayed discovery where deciding the motion to dismiss will potentially narrow the scope of discovery in what appears to be a complex case framed by a shotgun complaint. *Khan v. Bankunited, Inc.*, No. 8:15-CV-2632-T-23TGW, 2016 WL 4718156, at *1 (M.D. Fla. May 11, 2016).

In this case, if unchecked, the plaintiffs are expected to propound discovery on the Landau Defendants to seek information from them relating to each and every entry on the 8,300-page exhibit attached to their complaint. The majority of the documents that will be responsive to the document requests will contain privileged communications between an attorney and his client, and

will, thus, require substantial time to scrutinize. The estimated data pull for the anticipated discovery will be approximately 2.8 terabytes of information, and, assuming those figures are correct, it is estimated that the costs alone associated with the discovery to pull, analyze, store, and produce the documents will exceed $200,000.00 in the first year alone of the case. That does not include the attorney fees associated with reviewing and coding the documents.

As alleged in the complaint, the Landau Defendants' involvement in any of the cases/patients referenced in the action postdated any treatment provided by the medical defendants, and postdated any bill for services the medical defendants submitted to the plaintiffs. Whether there were any inaccuracies – intentional or otherwise –in the medical bills would be revealed in the documents created and maintained by the medical providers in this case, as the Landau Defendants' involvement in the facts alleged in the case was limited to suing for unpaid benefits that had already been provided but either unpaid or partially paid. In other words, while granting the motion to dismiss would narrow the scope of discovery, and reduce the complexity of the case by eliminating significant legal and factual issues contained in the action, it would also not constrain the plaintiffs from seeking from those defendants who remain in the case documents relevant to their claims. *See Chudasama*, 123 F.3d at 1368. Thus, granting the stay of discovery would not only benefit those defendants dismissed from the case, it would also reduce the cost and expense as to any defendants who remain. Therefore, the Court should grant the motion to stay discovery.

## CONCLUSION

Ultimately, where the plaintiffs have failed to allege any specific facts in their complaint directed at the Landau Defendants, and, thus, have failed, as a matter of law, to state claims against them, "they cannot be heard to complain about not being provided additional discovery. In the

absence of a cognizable claim, they have no right to any discovery…." *Mitchell v. McNeil*, 487 F.3d 374, 379 (6th Cir. 2007).  None of the defendant's claims entitles him to relief against the Landau Defendants.  That GEICO could have produced a litany of facts substantiating their claims if they had more time to conduct discovery misses the mark.  *Mann v. Brenner*, 375 Fed. Appx. 232, 239 (3d Cir. 2010).  Simply put, given the dearth of allegations asserted against the Landau Defendants, juxtaposed with nearly 8,500 pages of facts and investigation purporting to establish a conspiracy, the commentary of the Seventh Circuit, quoting from the Supreme Court, is appropriate here:

> …[A] litigant must not be permitted to use a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence.

*Beck*, 559 F.3d at 682 (*quoting Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)) [internal quotations omitted].

Based on the foregoing, the defendants, Todd Landau and Landau & Associates, P.A., respectfully request the Court grant the instant motion, stay discovery in this matter until the Court rules on their pending motions to dismiss, and enter such other and further relief as this Court deems proper.

## Local Rule 3.01(g) Certificate

Pursuant to Local Rule 3.01(g), counsel for the Landau Defendants has conferred in good faith with counsel for Plaintiffs concerning the relief requested herein. Counsel for Plaintiffs does not agree to the relief requested in the Motion.

Dated: January 29, 2018                    Respectfully submitted,

                                               BECKER & POLIAKOFF, P.A.
                                               1 East Broward Blvd., Suite 1800
                                               Ft. Lauderdale, FL  33301
                                               Telephone:  (954) 987-7550
                                               Facsimile:  (954) 985-4176
                                               JCooper@bplegal.com
                                               ECuellar@bplegal.com

                                       By:   /s/  Jude C. Cooper
                                               Gary C. Rosen, Esq
                                               Florida Bar No. 310107
                                               Jude C. Cooper, Esq.
                                               Florida Bar No. 366160
                                               Matthew T. Davidson
                                               Florida Bar No. 713821

                                       and

                                        SQUIRE PATTON BOGGS (US) LLP
                                        1900 Phillips Point West
                                        777 South Flagler Drive
                                        West Palm Beach, FL  33401-6198
                                        Telephone:  561.650.7200
                                        Facsimile:  561.655.1509

                                        By: */s John B.T. Murray, Jr.*
                                              John B.T. Murray, Jr.*, Trial Counsel*
                                              Florida Bar No. 962759
                                              Email:  jb.murray@squirepb.com
                                              Jason Daniel Joffe
                                              Florida Bar No. 0013564
                                              Email:  jason.joffe@squirepb.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 29, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF SYSTEM, which will send electronic notification to all CM/ECF participants in this case.

By: */s/   Jude C. Cooper*
Jude C. Cooper