**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO GENERAL
INSURANCE COMPANY, AND GEICO CASUALTY
CO.,

      Plaintiff,

v.                                      CASE NO.: 8:17-cv-2848-T-24TGW

PATH MEDICAL, LLC, PATH MEDICAL CENTER
HOLDINGS, INC., 1-800-411–PAIN REFERRAL
SERVICE, LLC, 1-800-411-I.P. HOLDINGS, LLC,
411 PAIN ADVERTISING GROUP, INC., ROBERT
CASH LEWIN, D.C., HARLEY LEWIN, RUSSELL
PERMAUL, JOEL EARL MANION, D.C., LANDAU
& ASSOCIATES, P.A., THE LAW OFFICES OF
KANNER & PINTALUGA, P.A., TODD LANDAU,
HOWARD KANNER, ERIC PINTALUGA, MICHAEL
H. WILENSKY, M.D., DAVID A. CHEESMAN, D.O.,
TIE QIAN, M.D., and RALPH G. MARINO, M.D.,

      Defendants.

_____/

**DEFENDANT, RUSSELL PERMAUL'S AMENDED MOTION TO DISMISS**
**COMPLAINT AND DEMAND FOR JURY TRIAL AND INCORPORATED**
**MEMORANDUM OF LAW**

      Defendant, Russell Permaul (hereafter "Permaul"), pursuant to this Court's order dated

March 2, 2018 (DE 79) and Federal Rules of Civil Procedure 12(b)(6), 9(b) and 12(b)(7)

respectfully submits this amended motion to dismiss the complaint and Demand for Jury Trial

(Dkt 1) in this action and states:

## I.      INTRODUCTION

      Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co, GEICO General

Insurance Company, and GIEICO Casualty Co., (collectively "Plaintiffs" and hereafter

"GEICO") complaint alleges the following causes action against Defendant, Permaul: 1) RICO,

18 U.S.C. §1962(c);  2) 18 U.S.C. §1962(d);  3) Fla. §501.201 *et. seq.*; 4) Fla. §772.103 *et. seq.*;

5) Common Law Fraud; and 6) Unjust Enrichment. There is no private right of action for money

damages from regulatory statutes that do not provide for civil enforcement. Accordingly, to the

extent the allegations contained in the complaint at bar attempt to create a private cause of action

they must fail and require dismissal.

## II.    ALLEGATIONS

GEICO filed this action for alleged damages purportedly resulting from reimbursements

GEICO made on behalf of its insureds to Defendant, Path Medical, LLC ("Path Medical"), a

duly licensed healthcare provider and to certain attorneys who have either represented certain

patients who treated at Path Medical or otherwise prosecuted claims against GEICO on Path

Medical's behalf for unpaid reimbursements of Personal Injury Protection ("PIP") benefits.  The

reimbursements were for medical treatment pursuant to auto insurance policy coverage.

Plaintiffs named a group of defendants that are lawyers, employees/officers of corporations,

advertising companies and healthcare providers, alleging that the group was committing fraud

against GEICO.

The basis of GEICO's claims is suspect based upon the lack of specificity in the broad

allegations made, and particularly because of the timing of this action since the United States

District Court for the Southern District of Florida recently determined that GEICO has

consistently, as a business practice, wrongfully underpaid claims for reimbursement for

healthcare services provided to their insureds pursuant to the terms of its insurance policy. "The

disputed provision within FLPIP (01-13) Endorsement that states '[a] charge submitted by a

provider, for an amount less than the amount allowed above, shall be paid in the amount of the

charge submitted' is interpreted as follows: **if a provider submits a bill to GEICO that is less than 200 percent of the applicable fee schedule, GEICO shall pay the provider 100 percent of the amount billed.**"; *A&M Gerber Chiropractic LLC v. GEICO Gen. Ins. Co.*, Case No. 16-cv-62610-BLOOM/Valle, 2017 U.S. Dist. Lexis 191411 (S.D. Fla. Nov. 17, 2017) at *59 (*emphasis added*).

The *Gerber Chiropractic* decision exposed GEICO not only to being required to pay the amounts it wrongfully failed to pay Path Medical, but more importantly it exposes GEICO to liability for the much more significant attorney's fees and costs accrued in litigating thousands of lawsuits for PIP benefits necessitated by GEICO's failure to reimburse its insureds in accordance with GEICO's own policy endorsement language. Following *Gerber Chiropractic*, GEICO will now owe substantial amounts of money to Defendant Path Medical and the attorneys who prosecute PIP claims on its behalf in the form of unpaid reimbursements for PIP benefits, interest, and attorney's fees and costs. The amount that GEICO will now owe Path Medical and the counsel prosecuting its PIP claims most likely exceeds the amount GEICO is claiming in this litigation. This is coupled with another recent ruling that held that 100% of billed amounts are to be applied to the deductible and <u>not</u> a reduced amount which GEICO has been deducting as another bad faith general business practice. *See Progressive Select Insurance Company v. Florida Hospital Medical Center aao Jonathan Parent*, 229 So.3d 901 (Fla. 5th DCA 2017). *Gerber and Florida Hospital Medical Center* should provide some perspective into the motivation for GEICO filing the complaint at bar. All of the cases brought by Landau & Associates, P.A., as well as all the other PIP claim attorneys who have pending suits, or suits that fall within the statutes of limitations, have potential claims for attorney's fees and costs on top of the difference in what was paid in benefits and what is truly outstanding from GEICO.

Accordingly, GEICO's potential liability due to their wrongful conduct increased exponentially as a result of the *Gerber Chiropractic* and *Florida Hospital Medical Center* decisions. It appears that the present action may have been hastily filed to avoid that liability.

The complaint is also defective because the claim that GEICO has been damaged is inaccurate and is not supported by the allegations before the Court. GEICO does not have economic damages based on paying "medically unnecessary" or even allegedly fraudulent insurance claim reimbursements unless accounting for fraud is not part of the calculations GEICO uses in setting the premiums it charges its insureds for automobile insurance coverage.

All of the claims at issue were submitted for services rendered to car accidents victims who were entitled to personal injury protection (PIP).  In exchange for the medical services provided by a provider, such as Path Medical, the accident victim assigns all benefits under their GEICO PIP policy to the provider.  *See generally* §§ 627.730-627.7405, Fla. Stat.  Any claims submitted by Path Medical to GEICO, at issue in this litigation, were submitted under an assignment of benefits received from the insured and the benefits received by Path Medical ultimately belong to the insured, but for the assignment of benefits.  Regardless of whether the accident victim/GEICO insured was treated by Path Medical or a wholly unrelated medical provider, the accident victim is entitled to up to $10,000.00 in PIP benefits.  Thus, the benefits at issue do not belong to GEICO or Path Medical, but to the insured.

As the Eleventh Circuit has recognized, insurers like GEICO charge an up-front fee, a premium, in exchange for insurance coverage.  *See Ironworkers Local Union 68 v. AstraZeneca Pharm., LP*, 634 F.3d 1352, 1364 (11th Cir. 2011).  Theses premiums are adjusted to "compensate for known risks assumed under that coverage," including medically unnecessary treatments.  *Id.*  To sufficiently allege an economic injury related to payments for medically

unnecessary treatment, GEICO must plead that it does not charge a premium, or adjust premiums to compensate for known risks such as fraud. *Id.*  Absent allegations to the contrary, this court must assume that GEICO established its rates consistent with the insurance industry's conventional ratemaking procedures, which include projecting potential losses caused by fraudulent medical practices, and setting their rates to cover the projected losses. *See id.* at 1364-69. Thus, GEICO's rates presumably adequately compensated it for the alleged losses and GEICO has no actual economic injury. *See id.*; *but see State Farm Mut. Auto. Ins. Co. v. Kugler*, 2011 WL 4389915 at \*9–10 (S.D. Fla. 2011) (distinguishing allegations).

An economic injury is an essential element of all of Plaintiffs' fraud claims. *See Ironworkers Local Union 68*, 634 F.3d 1352, 1360 (11th Cir. 2011).  Thus, under *Ironworkers*, Plaintiffs allegations of an economic injury are insufficient and their claims fail as a matter of law and must be dismissed.

*Ironworkers* specifically held "The insurers, however, have not plead any facts to suggest plausibly that they did not charge their enrollees premiums or, in turn, adjust those premiums to compensate for their known risk". 634 F.3d 1352, 1364, 1368-69 (11th Cir. 2011).  Insurance companies are heavily regulated and there are "conventional ratemaking procedures" for premiums. There are limitations on how much can be charged for premiums, how much can be spent for administrative expenses, and most importantly the amount of profit that is permitted. As much as insurance carriers are always protesting "fraud" this factor is part of the risk analysis which insurance carriers are in the business of doing.  Due to the above, along with other factors detailed in this motion, any right to a claw back of reimbursement paid for healthcare services rendered ***belongs to the insureds <u>not</u> corporate GEICO***.  The premiums approved by the state of Florida and regulatory agencies include an adjustment for the allocation or risk for fraud. Thus,

even if Plaintiffs were to succeed in their suspect claims, any recovery would belong to the insureds thereby rendering the complaint fatally flawed because the insureds are not named in this lawsuit. Also, the complaint is devoid of allegations by GEICO setting forth a right to subrogation, that the insureds will be reimbursed, or that the insureds benefits will be restored. In addition, assuming *arguendo* Plaintiffs are successful, there may be other health care service providers that would be entitled to payment that were not previously paid due to exhaustion of policy benefits that any restored benefits would now compensate who are also not parties to this lawsuit. The bald assertion that payments were made is simply insufficient.

Plaintiffs have alleged that Permaul was in violation of Florida's Patient Brokering Act, Fla. Stat. §817.505 aka Florida Patient's Brokering Act; Fla. Stat. §456.054 aka Florida Anti-Kickback Statute; Fla. Stat. §456.053 aka Florida Patient Self-Referral Act of 1992; Fla Stat. §400.990 aka The Florida Health Care Clinic Act; Fla. Stat. §460.413 aka Florida Chiropractors Advertising Regulations. (Comp. Dkt 1 ¶2(i)). The complaint also contains allegations of medically unnecessary services performed; misrepresented and exaggerated level of services; submission of fraudulent billing.  First, **there is not one** specific allegation contained in the entire complaint involving actions by Mr. Permaul. Second, Mr. Permaul is not physician. Finally, the complaint is devoid of any allegation that Mr. Permaul ever set pricing, performed or submitted billing/invoices or had any connection to referrals.  The facts pled against Mr. Permaul are simply insufficient to allow the complaint to survive.

### III.   MEMORANDUM OF LAW

#### A.  THE COMPLAINT IS AN IMPROPER SHOTGUN PLEADING

Shotgun pleading is frowned upon and condemned by Courts. *See Johnson Enters. Of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998). "These types of cases invariably begin with a long list of general allegations, [which are] incorporated by reference into each count of the complaint . . . . If the trial judge does not quickly demand repleader, all is lost- extended and largely aimless discovery will commence, and . . . the trial court, whose time is constrained by the press of other business, is unable to squeeze the case down to its essentials . . . ." *Marasar v. Smith & Nephew, Inc.* No. 8:13 cv 01244-T-27TGW, 2013 WL 3199984 (M.D. Fla. May 30, 2013)(Whittemore, J.). As set forth throughout the motion at bar, the allegations contained in the complaint are conclusory regarding Permaul. Moreover, all of the allegations regarding Permaul lump him in with other Defendants together in multiple claims and do not differentiate him or make any specific allegations regarding his actions.

## B. GEICO HAS FAILED TO JOIN INDISPENSABLE PARTIES AND IS COLLATERALLY ATTACKING STATE COURT JUDGMENTS AND DISMISSALS

The complaint at bar has failed to join GEICO's insureds who treated at Path Medical and are indispensable parties.[1] GEICO is looking not only for a declaratory judgment, but also

---

[1] In Plaintiff's Memorandum in opposition to Defendant Russell Permaul's Motion to Dismiss cited several cases which are not applicable to the case at bar. First, *In re Ginn-La St. Lucie Ltd., LLP*, 420 B.R. 598, 606 (Bankr. S.D. Fla. 2009) which is a bankruptcy case. It should be noted an indispensable party to a bankruptcy proceeding is different from an indispensable party to a civil action and will vary based on the claims and causes of action contained in the civil complaint. In the same opposition Plaintiff cited *Gov't Emples Ins. Co. v. Clear Vision Windsheld Repair, L.L.C.* 2017 US LEXIS 47353 at *14-*15 (M.D. Fla. 2017) which held that GEICO's "insureds were not active participants in the fraudulent scheme" and therefore not indispensable parties. No one in the case at bar is claiming the insureds were part of a scheme. Plaintiff further argued in its opposition the non-binding case *Gov't Emples, Inc. Co "GEICO" v. Korn*, 310 F.R.D 125, which held that "A RICO plaintiff must demonstrate not only "but for" causation but also proximate cause in order to have standing". *Korn* Defendants argued that the insureds were indispensable parties based on patient- doctor relationship and the Court failed to see how. The Court in *Korn* found that the subject matter of the suit was not doctors' treatment

for damages via claw backs for settlement agreements and jury verdicts that its insureds have

obtained. GEICO is attempting to re-open settlement agreements that are contracts between its

insureds and third-parties, so that GEICO can obtain more money.  In essence, GEICO is

collaterally attacking state court judgments entered against GEICO's insureds as well as

settlement agreements with accompanying notices of voluntary dismissal with prejudice

previously filed in state courts, all of which brought finality to the prior state court proceedings.

Neither GEICO nor its insureds have attempted to re-open any of those matters in state court

pursuant to Fla. R. Civ. P. 1.540 or otherwise.  Instead, GEICO seeks an improper end-run

around being forced to litigate the alleged "fraud" and related claims in the state court matters in

which such allegations should have been – or actually were – properly litigated to finality.

Defendant Permaul is being unjustly prejudiced by being denied the ability to provide the

Court with the required information regarding which of the previously litigated and finally

resolved claims for benefits Plaintiffs are improperly trying to claw back due to Plaintiffs' failure

to provide the requisite detail in their Complaint. *See e.g. State Farm Mut. Auto Ins. Co. v.

Goldstein*, 2004 U.S. Dist. LEXIS 32308 at *11-*12 (M.D. Fla. 2004) (Finding a review of the

state court proceedings is necessary to know whether collateral estoppel bars any federal claims).

In their Response to Permaul's initial Motion to Dismiss [DE 77], in order to avoid dismissal,

Plaintiffs represent "GEICO is seeking to recover the money it voluntarily paid in reliance on the

Path Medical Clinics' fraudulent billing, not money that was paid pursuant to any unspecified

---

of individual patients but rather billing of GEICO. *Id.* It should be noted that the *Korn* Court held
that "First, the complaint gives numerous specific examples of Defendants allegedly fraudulent
conduct—complete with dates, patient identifiers, diagnoses, and the type of treatment involved.
The Complaint also identifies allegedly fraudulent billing codes ("CPT codes"). Second, attached
as exhibits to the Complaint are voluminous spreadsheets, itemizing specific bills by provider,
claim number, and dates." *Id.*

'state court verdicts and settlement agreements'". [DE 77, p. 10].  This representation falls short however because: (1) the two groups of claims are not mutually exclusive as Plaintiffs may have "voluntarily" paid a *portion* of a claim and then settled or lost a previously filed PIP suit for the remaining *unpaid balance* of the *same* claim—which is generally how PIP suits work, and in any event all defenses and counterclaims would now be waived and/or barred by the doctrines of res judicata, collateral estoppel and failure to assert a compulsory counterclaim once payment of the claim has been litigated to finality; and (2) perhaps more significantly, on information and belief, *hundreds if not thousands* of previously litigated and finally resolved claims are referenced by their claim number in Exhibit "1" that Plaintiffs attached to the Complaint.  This directly contradicts Plaintiffs' representation they are not collaterally attacking resolved State court claims, and the inclusion of the claims in Exhibit "1" brings this issue within the four corners of the Complaint, making it ripe for dismissal.  Taking Plaintiffs' representation at face value, the Complaint and the exhibit contradict one another, nullifying each.  The burden should not be on Mr. Permaul to decipher what claims Plaintiffs are asserting, Plaintiff should be required to clearly and definitively plead which claims it seeks to claw back payment on and segment and specify any cases (with state court case numbers not merely claims numbers) that it wishes to collaterally attack.  Plaintiffs are improperly attempting to rely on distinguishable case law to shift their pleading burden onto Defendant Permaul. [*cf*. DE 77, p. 10].

GEICO's reason for the improper collateral attack is likely due to the relief it now seeks being unavailable in state court. *See e.g. NAFH Nat. Bank v. Aristizabal*, 117 So.3d 900, 901-03 (Fla. 4th DCA 2013) (Allegations of intrinsic fraud are insufficient under Rule 1.540(b) to re-open a judgment more than one (1) year after entry); *Wells Fargo Bank, NA v. Haecherl*, 56 So.3d 892, 893 (Fla. 4th DCA 2011) (A notice of voluntary dismissal constitutes a "proceeding"

within the meaning of Rule 1.540(b) governing relief from a final judgment, decree, order, or *proceeding*; therefore, "the rule may be invoked to seek relief from a voluntary dismissal.") (citation omitted); *and see Tampa Chiropractic Center, Inc. v. State Farm Mut. Auto. Ins. Co.*, 141 So.3d 1256 (Fla. 5th DCA  2014) ("When the insurer has agreed to settle a disputed case, 'it has, in effect, declined to defend its position in the pending suit,' and its 'payment of the claim is ... the functional equivalent of a confession of judgment or a verdict in favor of the insured.'")(*citing Wollard v. Lloyd's & Cos. of Lloyd's,* 439 So.2d 217, 218 (Fla.1983)).[3] Therefore, this action is in the incorrect forum. GEICO must, pursuant to Fla. Rule of Civ. Pro. 1.540(b), move to vacate any alleged dismissals, settlements or judgement due to alleged fraud within a year or otherwise is barred. GEICO has failed to do so and now is attempting to have the Federal Court circumvent Florida State law which bars many of the claims herein.

GEICO is improperly attempting to overturn state court verdicts and settlement agreements, with corresponding voluntary dismissals with prejudice, which were negotiated by its attorneys and its insureds' attorneys. As previously set forth herein above, GEICO does not have standing in this matter. It is GEICO's insureds that have standing: none of whom are parties to the instant action. *See Lujuan v. Defenders of Wildlife,* 504 US 555, 559 (1992).  Further, there are no allegations that the insureds have assigned any rights to GECIO to pursue this action or that they have any dispute with the treatment they received, their settlements or anything else regarding their claims. Moreover, GEICO has a right to investigate pursuant to statute any alleged "fraud" and has done so many times in connection with the prior state court litigation.

---

[3] In *Tampa Chiropractic*, Florida's Fifth District Court of Appeal held that even when "a suit is between the insurer and the insureds' medical provider—as opposed to the insureds themselves—this does not preclude us from applying section 627.428 and the confession of judgment doctrine because the insureds assigned their policy benefits to [the medical provider]." 141 So.3d at 1258, n. 2.

Florida's PIP statute has provisions that provide such oversight for GEICO.  In addition, GEICO has the right to and does conduct examinations under oath (language contained in its policies) through which it could obtain any information regarding any alleged "fraud". GEICO also has the right to and has performed many clinic inspections to investigate the healthcare facilities and providers. All of which GEICO does as a matter of course in the conduct of business to investigate alleged fraud, and GEICO has sought discovery along these lines in many state court proceedings. The complaint is full of allegations regarding Plaintiffs' insureds yet they are not parties. The Eleventh Circuit has held that "allegations made in the complaint that are critical to the disposition of the important issues in the litigation" require them as a party. *See Laker Airways, Inc. v British Airways, PLC*, 182 F.3d 843, 848 (11th Cir. 1999).  Therefore, pursuant to Rule 12(b)(7), the complaint should be dismissed for failure to join the insureds of GEICO in this complaint.

### C.  THE COMPLAINT FAILS TO STATE A CLAIM AGAINST PERMAUL FOR WHICH RELIEF CAN BE GRANTED

#### A.  Standard for a Motion to Dismiss

The Complaint is grounded in fraud which includes a count for violating Florida's Deceptive and Unfair Trade Practices Act (hereafter "FDUTPA"), along with Racketeering Influence Corrupt Organization Act (hereafter "RICO"), and Common Law Fraud, all of which require the heightened pleading requirement of Rule 9(b). A complaint must contain more than a statement of facts which only creates a suspicion of a legally cognizable right. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-558 (2007). A mere "formulaic recitation of the elements of a cause of action will not do" *Id.* at 555. A motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) tests the legal sufficiency of the complaint and

assumes all well-plead factual allegations to be true, drawing all reasonable inferences in favor of the plaintiff. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*citing Twombly,* 550 U.S. at 555) ("[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  In other words, "conclusory allegations, unwarranted factual deductions or legal conclusion masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F. 3d 1183, 1185 (11th Cir. 2003). The complaint requires "more than a sheer possibility that a defendant has acted unlawfully." *Traffic Jam Events, LLC v. Cortes,* Case No. 6:09-CV-146ORL19GJK, 2009 WL 2175640, *102 (M.D. Fla. Jul 21, 2009). That is all GEICO has alleged with respect to Mr. Permaul.  The redundant and conclusory allegations in the complaint do not specify what if any conduct Mr. Permaul engaged in tantamount to fraud or how any such unpled conduct resulted in any damages to Plaintiffs.  The complaint further fails to allege which Plaintiffs suffered which alleged damages and how those damages were incurred.

The Court "may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cty. Bd of Educ. V. Marshall Cty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993); *see also Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006) (dismissing an action under the Medicare Secondary Payer Act, where no private right of action existed until defendant's liability had been established by judgment or otherwise); *and see State Farm Mut. Auto Ins. Co. v. Performance Orthopedics & Neurosurgery,*

*LLC.*, 2017 U.S. Dist Lexis 156284 (S.D. Fla. Sept. 25, 2017). There are no allegations that there is a judgment against Mr. Permaul for liability in this case, or any other.

The Patient Self-Referral Act does not contain a private right of action. *See Cf. Advertist Health System/Sunbelt, Inc. v. Agency for Health Care Admin,* 955 So.2d 1173 (Fla. 1st DCA 2007). The Patient Self-Referral Act does not apply to Mr. Permaul because he is not a healthcare professional, nor is there any allegation in the Complaint that he had any connection to the referral of patients. *See e.g. Fla. Stat. § 456.036(h)(3)(i)* ("Health care provider" means any physician licensed under chapter 458, chapter 459, chapter 460, or chapter 461, or any health care provider licensed under chapter 463 or chapter 466.); *and see Fla. Stat. § 817.505(2)(a)* ("Health care provider or health care facility" means any person or entity licensed, certified, or registered; required to be licensed, certified, or registered; or lawfully exempt from being required to be licensed, certified, or registered with the Agency for Health Care Administration or the Department of Health; any person or entity that has contracted with the Agency for Health Care Administration to provide goods or services to Medicaid recipients as provided under s. 409.907; a county health department established under part I of chapter 154; any community service provider contracting with the Department of Children and Families to furnish alcohol, drug abuse, or mental health services under part IV of chapter 394; any substance abuse service provider licensed under chapter 397; or any federally supported primary care program such as a migrant or community health center authorized under ss. 329 and 330 of the United States Public Health Services Act.).

There is no allegation that Permaul personally referred any patients, provided medically unnecessary services, exaggerated the level of services or violated the Florida Chiropractic Advertising Laws. Therefore, it is impossible for him to violate the statutes as alleged in the

conclusory allegations lumping him together with other Defendants. Moreover, there are no allegations that Mr. Permaul personally referred any patients to any attorneys. There are no allegations that Mr. Permaul personally received any alleged kickbacks as described under the Florida Anti-Kickback statute. The Complaint is devoid of any allegations that Mr. Permaul personally submitted any invoices or performed any billing functions for the alleged enterprise. The complaint is devoid of any specifics or exhibit other than a conclusory statement that Mr. Permaul is an owner of Path Medical. *See Twombly,* 550 U.S. at 556.

## B.  COMMON LAW CLAIMS OF FRAUD AND UNJUST ENRICHMENT FAIL AS A MATTER OF LAW

The Honorable K. Michael Moore in *State Farm Mutual Automobile Insurance Company v. Performance Orthopedics & Neurosurgery, LLC,* held:

> Where a claim is grounded in fraud, the complaint must also comply with the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) . . . . However where the gravamen of the claim sounds in fraud, as here, the heightened pleading standard of Rule 9(b) applies." *See, e.g., Blair v. Wachovia Mortg. Corp., N.* 5:11-CV566-OC-37TMS, 2012 WL 868878, at *3-4 (M.D. Fla. March 14, 2012); *Llado [Carreno v. Guidant Corp],*[ Case No. 09-20971-CIV-ALTONAGA/Brown]  2011 WL 705403 at *5 ("the particularity requirement of Rule 9(a) applies to all claims that sound in fraud, regardless of whether those claims are grounded in state or federal law").

Case No. 1:17-CV-20028-KMM, 2017 US Dist. Lexis 156284 at *40 (S.D. Fla. Sept. 25, 2017).

The complaint has failed to appropriately plead a claim for fraud against Mr. Permaul as detailed throughout this motion.

As the Court is aware, the requisite elements to state a cause of action for unjust enrichment under Florida law that GEICO must establish are that 1) GEICO conferred a benefit on Mr. Permaul; 2) Mr. Permaul has knowledge of the benefit; 3) Mr. Permaul accepted or retained the benefit conferred; and 4) circumstances are such that it would be inequitable for the defendant to retain the benefits without paying fair value. *See Golden v. Woodward,* 15 So.3d 664, 670 (Fla. 1st DCA 2009).

The Complaint at bar is absent any specific allegation of any benefit that was specifically conferred to Mr. Permaul personally. GEICO's unjust enrichment claim is predicated upon paying no less than $15,000,000.00 to Defendant, Path Medical. (Compl. Dkt 1 ¶549). The complaint is devoid of any allegation that GEICO paid any money directly to Mr. Permaul. GEICO has alleged that it made payments, <u>not to Mr. Permaul</u>, which were not owed based on everything under the sun from Patient Brokering, Self-Referral, unlawful referral arrangements, medically unnecessary procedures, up coding and it goes on and on with unsupported conclusory allegations.

 The bottom line is that the complaint is void of any allegations that Mr. Permaul personally referred clients or personally submitted invoices or that Mr. Permaul personally treated patients (he is not a healthcare provider) or that Mr. Permaul personally up-coded or over-treated. He is merely grouped with the entities and other individual Defendants as a catch all but without any specific allegations such as dates, names, treatment, etc., there are simply no details pled thus the allegations lack the requisites of Rule 9(b). There are no allegations that a benefit was accepted or retained by Mr. Permaul. "Plaintiff's legal conclusions are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680 (internal quotations removed). The unjust

enrichment claim as well as the common law fraud claim should be dismissed against Permaul as a matter of law.

## C.     FDUTPA FAILS AS A MATTER OF LAW AGAINST PERMAUL

The case at bar "sounds in fraud." *Llado,* at *5.  The basis for the complaint is the alleged fraudulent scheme. (Compl Dkt. 1 at  ¶¶7, 155) The allegations against Defendant Permaul fail to meet the pleading requirements under Rule 9(b) for FDUTPA because the complaint merely repeats conclusory allegations against Permaul. An example is Mr. Permaul "entered into a secret scheme, whereby they agreed to routinely violate the self- referral act by causing insureds solicited through the 1-800-411-Pain "referral service" to be self- referred to the Path Medical clinics, while simultaneously concealing the nature and extent of the unlawful self-referrals. (Compl. Dkt. 1) ¶155).

Another example: "Specifically, Lewin and Manion have acted in concert with H. Lewin, 411-Pain, 411-IP, 411 Advertising, Permaul, Path Medical, and Path Holdings to engage in fraudulent, false, deceptive, advertising misleading advertising through 411-PAIN, 411-IP, and 411 Advertising…." (Compl. Dkt. 1 ¶210). These allegations are missing the what, when and how particulars that are required for a well-pleaded complaint under *Twombly*.

Another example of defective allegations is "almost none of the Insureds to whom Lewin, Permaul, Manion, Path Medical, Path Holdings, Cheesman, Marino, Wilensky, and Qian purported to provide treatment at the Path Medical clinics suffered from any significant injuries or health problems as a result of the relatively minor accidents they experienced or purported to experience." (Compl. Dkt. 1 ¶337). Mr. Permaul is <u>not</u> a physician. Without more specifics the allegations are implausible as pled as against Mr. Permaul.

The shotgun allegations against Permaul are not specific to him and lack any specificity related to what he allegedly did. The allegations are blatantly conclusory coupled with the fact that the alleged predicate statutes are not applicable to Mr. Permaul. Therefore based upon the above the claim should be dismissed.

### D.  RICO, 18 U.S.C. §1962(c) and (d) against Permaul

i.  Heightened pleading requirement

The allegations of alleged violations of the Racketeering Influence Corrupt Organization Act (hereafter "RICO") must be plead at the heightened pleading standards of Fed. R. Civ. Proc. 9(b). The allegations must also meet the "plausibility" standard articulated in *Twombly*. 550 U.S. at 545 (2007). GEICO has failed to meet either standard. The complaint fails to set forth allegations that "raise a right to relief above the speculative level pertaining to each of the elements." *Id.* at 555. It has been held that the complaint must provide the grounds of entitlement to relief and not labels and conclusions or formulaic recitation of the elements for the cause of action. *Id.* at 562.

ii.  Requirements for RICO

Plaintiffs failed to plead the following required elements at the heightened pleading standards.  "A civil Plaintiff must establish that a defendant (1) operated or managed (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two racketeering acts. A civil Plaintiff must also show (1) the requisite injury to business or property, and (2) that such injury was by reason of the substantive RICO violation."  *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340 (11th Cir. 2016); *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282-83 (11th Cir. 2006).

a.  *Alleged "Operation or Management*

The complaint is devoid of any alleged specifics of how Permaul "owned and controlled" Path Medical. Plaintiffs have systematically alleged that Mr. Permaul "owned and controlled" Path Medical and Path Holdings with Lewin and Manion. (Compl. Dkt 1) at *¶¶*3(vi)*,* 15, 31). Similar allegations are made throughout the complaint; however, despite the redundant manner of pleading, this is basically the only allegation Plaintiffs make against Mr. Permaul.  The allegation of "owned and controlled" is not specific nor does it satisfy the elements of the claim, and it fails to meet the requisite heightened pleading requirements.  Furthermore, it is not plausible that Mr. Permaul has been an owner in control of Defendant Path Medical  since the other allegations in the complaint contradict this allegation and state that up until 2016 Mr. Permaul was not "owning and controlling" (Compl. Dkt. 1 at ¶153).  The Plaintiff wants the Court to believe, as alleged in the complaint, that Lewin "operated and controlled" Defendant Path Medical in some form since 1995 and in 2016 he decided to implausibly share the operation and control with Mr. Permaul.

b.  *An alleged enterprise*

A RICO, 18 U.S.C.S. §1961-68, "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." *Boyle v. United States,* 556 U.S. 938 (2009); *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340 (11th Cir. 2016). The Supreme Court of the United States has held that for an enterprise to exist there needs to be a "group of individuals associated in fact" refers to "a group of persons associated together for a common purpose of engaging in a course of conduct". *United States v. Turkette,* 452 US 576, 576, 583 (1981). Under Section 18 U.S.C.

§1962(c), a person must conduct the affairs of the enterprise and "the person and the enterprise must be distinct." *Riverword Chappaqua Corp. v. Marine Midland Bank,* 30 F.3d 339, 344 (2nd Cir. 1994). "Plaintiff must allege that 'each defendant, by words or actions, manifested an agreement to commit two predicate acts in furtherance of the common purpose of a RICO enterprise". *Colony at Holbrook, Inc. v. Strata, Inc.*, 928 F.Supp. 1224, 1238 (E.D.N.Y. 1996); *Nasik Breeding & Research Farm v. Merck & Co.*, 165 F.Supp.2d 514 (S.D.N.Y. 1993). The complaint is devoid of any specific acts and/or words that manifest an agreement to commit fraud or any other violation for the purpose of the "enterprise".  Unfortunately, the lack of allegations against Permaul necessitates the repetition of this point in this motion. It should be noted, "Because a corporation can only act through its employees and agents, the fact that it does so is insufficient to establish the existence of an enterprise for purposes of the Racketeer Influenced and Corrupt Organizations Act". *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340 (11th Cir. 2016); *Cruz v. FXDirect Dealer, LLC*, 720 F.3d 115, 121 (2d Cir. 2013).  "The Tenth Circuit has also declined to find a RICO enterprise where a corporate defendant was accused of acting through its employees and agents." *Bd of Cty, Coom'rs of San Juan Cty. v. Liberty Grp.*, 965 F.2d 879, 886 (10th Cir. 1992).

"While RICO was intended to be interpreted broadly, permitting plaintiffs to plead an enterprise consisting of a defendant corporation and its officers, agents, and employees acting within the scope of their employment would broaden Rico beyond any reasonable constraints." *Ray,* 836 F.3d at 38*. See Cruz,* 720 F.3d at 121.

The Plaintiffs have failed to allege any specific acts and/or words that manifest an agreement to commit fraud for the purpose of the alleged "enterprise" by Mr. Permaul.

### c. *Alleged Pattern*

To state the cause of action, GEICO was required, but failed, to plead that the defendant Permaul through the commission of two or more acts constituting a "pattern" of "racketeering activity" directly or indirectly invests in or participates in an "enterprise", the activities of which affect interstate or foreign commerce. *Moss v. Morgan Stanley, Inc.* 719 F.2d 5, 17 (2nd Cir. 1983) cat. Denied, 465 US. 1025 (1984). The "group of individuals associated in fact" refers to "a group of persons associated together for a common purpose of engaging in a course of conduct". *United States v. Turkette*, 252 US 576, 53, 101 S.Ct. 2524, 69 L.Ed.2d (1981). Under Section 10 S.U.C. §1962(c), "a person must conduct the affairs of the enterprise" and "the person and the enterprise must be distinct." *Nasik Breeding & Research Farm Ltd. v. Merck & Co., Inc.*, 165 F. Supp. 2d 514, 538-39 (S.D.N.Y. 2001). An employee of a corporation does not form an enterprise distinct from the corporation. Plaintiffs were further required, but failed, to allege that "each defendant, by words or actions manifested an agreement." *Id.* at 540. There are no allegations that Permaul was aware of an enterprise let alone part of it or that he agreed to conduct the affairs of the alleged enterprise.

### d. *Alleged pattern of Racketeering*

The Complaint is devoid of any specific allegation of Permaul's intent to defraud or engage in racketeering. There is not a single specific allegation contained anywhere in the complaint regarding any activity or involvement of Mr. Permaul in the alleged "scheme".

### e. *GEICO lacks any proximate cause and direct injury*

Plaintiffs have failed to demonstrate and cannot formulate allegations that the conduct of Permaul was the proximate cause of the injuries alleged in Complaint. The Supreme Court of the

United States, in *Anza v. Ideal Steel Supply Corp,* 126 S. Ct. 1991 (2006), held that when a court evaluates a civil RICO claim for injury to business or property for proximate causation the central question it must ask is whether the alleged violation led directly to the plaintiff's injuries. 18 U.S.C.A. §1962(c).

"The Supreme Court requires the examination of three factors to determine whether an alleged RICO violation is a sufficient proximate cause of Plaintiff's harm: (1) the directness of the injury, (2) the difficulty of apportioning damages among potential victims, and (3) whether there are direct victims of the alleged violation that could better vindicate the polices underlying RICO." *Longmont United Hosp. v. Saint Barnabas Corp.,* Civil Action No. 06–2802 2007 WL 1850881 (D.N.J. June 26, 2007)(*affirmed* on appeal).

As discussed more fully above with respect to GEICO's failure to join its insureds as indispensable parties, there is no proximate cause of GEICO's alleged harm as any alleged harm would belong to the insureds, not GEICO.  GEICO glosses over how it and all auto insurance companies are regulated, and what its profits are based upon.  GEICO was and continues to be paid premiums as consideration by its insureds and enters into contracts (insurance policies), which contractually bind GEICO to provide PIP benefits along with other benefits if an automobile accident occurs in which its insured and/or covered persons are injured.  GEICO steadfastly ignores these facts and its failure to plead and the inability to prove this essential element of its claims.

Another example of why the insureds are indispensably parties and would be the only parties to suffer an injury from the alleged fraud scheme, is:  If an insured pays a deductible for coverage under its property damage portion of the automobile policy, and GEICO recovers the

deductible on their behalf, the money belongs to the insured and GEICO is required to return the

insureds the money they expended pursuant to the fraudulent claim.  It is the insured's right.

GEICO ignores this indisputable truth and seeks a windfall.  The complaint has not been brought

on behalf of the insureds nor are any of the insureds named as parties to this lawsuit. The

complaint references insureds, but not with specific detailed information, only a mere reference.

Under information and belief, based on other claw-back actions, GEICO has no intention of

returning any potential recovery to its insureds or even to appropriately credit their PIP coverage

records to indicate that benefits have not been exhausted.  GEICO has not been injured and

conversely seeks to profit from the Defendants' alleged fraud.

Another example: A GEICO insured is injured in an automobile accident in which

GEICO pursuant to statutory and policy language is required to provide coverage. The insured

starts treating. The insured treats and the provider is reimbursed pursuant to statutory and policy

language. When GEICO cuts off benefits via:(a) placing the provider "under investigation", or

(b) failing to pay the provider's bills pursuant to the statutory and policy language, there is a

balance that remains outstanding to the provider that the insured is liable for and potentially has

to be paid by the insured personally.  Once again, the insured is the injured party, not GEICO.

Another example: If a GEICO insured's PIP benefits have been exhausted after treating

at Path Medical and there are outstanding medical bills due for the insured's treatment with a

different lawful provider, the outstanding balance for the insured's treatment with the other

provider would have to be paid out of: (a) the insured's pocket, or (b) any bodily injury

settlement or judgment proceeds thereby reducing the insured's recovery for its injuries.

Accepting Plaintiffs' allegations as true and taking those allegations to their logical conclusion,

had the alleged inappropriate exhaustion not occurred as a result of Defendant Path Medical

improperly submitting fraudulent charges, then other lawful providers would have been paid from the available (unexhausted) PIP benefits, and the insured would therefore not have been required to pay out of pocket or reduce their recovery to pay for the treatment they received post-coverage exhaustion.  For those cases in which a GEICO's insured's PIP benefits exhausted and the insured was required to either pay another provider's bills out of pocket or use a portion of its settlement or judgment proceeds to satisfy such a provider's outstanding balance, if GEICO was to recover money in the instant lawsuit, the funds GEICO recovers should be used to restore the affected insureds to the position they would have been in had they not been forced to pay out of pocket or use a portion of their settlement or judgment proceeds to satisfy the other provider's bills following exhaustion of their PIP benefits due to Defendant Path Medical's improper charges. All the funds such affected insureds expended once their benefits exhausted should be paid over to the insured as it is the insured's, not GEICO's, damage that is pled in GEICO's complaint.  Nonetheless, the complaint is devoid of any allegations related to this, further ignoring the fact that the alleged harm assuming it existed at all would belong to the insureds, not GEICO.

Moreover, GEICO is devaluing any bodily injury recover of its insureds based on its determination (GEICO is not a medical professional) that services were not medically necessary or that billing was inflated.

It should be noted, *State Farm Mut. Auto Ins. Co. v. Physicians Group of Sarasota LLC et al.* which was filed in the Middle District of Florida is not applicable to the claims for RICO as it did not contain a cause of action for RICO and further was plead with far more specifics than the complaint at bar for each of the Defendants. 9 F. Supp. 3d at 1311.  The complaint is devoid of any specific details regarding GEICO's injury. The complaint asks the Court to assume

that since they allegedly paid money that GEICO believes to be wrongfully paid that it is in fact

GEICO that would have been injured assuming the facts in the complaint are true. GEICO is

attempting to recover for each and every patient on whose behalf GEICO has paid the applicable

Defendants.  However, each patient would have a different set of circumstances as to whether

there was a bodily injury claim, whether there was a deductible, whether the patient's benefits

were terminated based on an Independent Medical Examination ("IME") cutoff, whether the

patient's benefits were exhausted and on and on. The complaint lacks these specific details and

without the specific details the mere conclusory statement that GEICO has been damaged

because they paid money, and the all too broad attempt to assert a right to claw back all funds

paid, is not plausible and does not meet the pleading requirements.

## <u>CONCLUSION</u>

For all of the foregoing reasons and authority, the complaint should be dismissed against,

Defendant, Russel Permaul, along with costs and disbursements of this motion and such other

and further relief as the Court deems just and proper.

Dated 16th day of March, 2018

Respectfully submitted,

**ROSENBERG LAW, P.A.**

   s/Bruce S. Rosenberg
BRUCE S. ROSENBERG
Florida Bar No. 99782
H. ALEXIS ROSENBERG
Florida Bar No. 335400
2385 NW Executive Center Drive
Suite 100
Boca Raton, Florida 33431
(561) 260 -9100
rosenberg@rosenberglawpa.com
arosenberg@rosenberglawpa.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 16<u>th</u> day of March, 2018, the foregoing document is being served on all counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>____s/Bruce S. Rosenberg____</u>